IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| DEMARIUS MANNING, | ) | |
| | ) | |
| ADC # 133939 | ) | **Case No. 5:10-CV-00039 BSM-JTK** |
|     Petitioner, | ) | |
| v. | ) | |
| | ) | |
| LARRY NORRIS, Former Director, | ) | |
| Arkansas Department of Correction | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

       1.     Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Demarius Manning on February 10, 2010. (Doc. No. 2). A response was filed by Respondent Larry Norris on March 17, 2010. (Doc. No. 9). Petitioner did not exercise his right to file a reply brief. (Doc. No. 10). After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

Petitioner pled guilty to aggravated robbery on July 18, 2005, in the Craighead County Circuit Court, and he is currently serving the resulting 480-month sentence in the Arkansas Department of Correction. The State apparently recommended this extremely lengthy sentence as part of a plea bargain where the State agreed to tender an order of *nolle prosequi* on the capital murder charge against Petitioner. (Resp't's Resp. Ex. A, at 2, 3, 6, 7, Doc. No. 9).

Petitioner took no further action until he filed a state habeas corpus petition in Lee County Circuit Court on September 15, 2009. (Pet.'s Pet. 6, Doc. No. 2). That petition was denied on September 21, 2009. *Id.* No notice of appeal was filed for that denial. (Resp't's Resp. 2).

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 because he claims that he was improperly sentenced and that he received ineffective assistance from counsel. However, the merits of these claims will not be addressed because this petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The relevant start date for limitations purposes was July 18, 2005, the date that Petitioner's judgment of conviction was entered, because Petitioner's guilty plea precluded him from seeking any direct appeal under Arkansas law. Ark. R. App. Proc.—Crim. 1(a). Thus, Petitioner was required to file his federal habeas petition by or before July 18, 2006. There was no tolling from the September 15, 2009 state habeas petition because the federal habeas limitations period had already expired well before this time.

Petitioner did not file the present petition until February 10, 2010, and there is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme

3

Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). The failure of Petitioner's trial counsel to inform him of this limitations period does not excuse his failure to comply with it. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) ("[W]e cannot endorse Baker's argument that the Act's title provides an excuse for her not being aware of the one-year statute of limitations."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 12th day of June, 2012.

_____
United States Magistrate Judge